COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


DOMINIC R. DICKER
                                          OPINION BY
v.        Record No. 1914-95-1    JUDGE JERE M. H. WILLIS, JR.
                                          JULY 9, 1996
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                       Robert W. Curran, Judge

          Edward I. Sarfan (Sarfan & Nachman, on
          brief), for appellant.

          Leah A. Darron, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     On appeal from his adjudication as an habitual offender

pursuant to Code § 46.2-351, et seq., Dominic R. Dicker contends

that the evidence was insufficient to prove the three convictions

required to bring him within the definition of an habitual

offender.  Specifically, he argues that the April 19, 1994 order

convicting him of driving under a revoked or suspended license is

void and thus does not qualify as a predicate conviction under

Code § 46.2-351.  We find no error and affirm the judgment of the

trial court.

     On April 20, 1995, the Commonwealth's Attorney filed an

information in accordance with Code § 46.2-353, and Dicker was

ordered to show cause why he should not be adjudged an habitual

offender.  At the show cause hearing, the Commonwealth entered

into evidence a certified copy of Dicker's DMV transcript, which

included an April 19, 1994 conviction in Newport News General District Court for driving under revocation or suspension of license on February 19, 1994.

In rebuttal, Dicker introduced a certified copy of a pre-printed arrest warrant, which contained the April 19, 1994 conviction order.  He argued that this order was void because the district court had failed to check the appropriate boxes indicating his plea and whether he was found guilty, not guilty, or guilty of a lesser included offense.  Dicker argued that because the order was void, the conviction could not be used as a predicate offense under Code § 46.2-351.  The trial court ruled that Dicker had failed to rebut the Commonwealth's prima facie proof of the requisite convictions and had failed to show cause why he should not be adjudged an habitual offender.

Code § 46.2-352, in effect at the time of Dicker's habitual offender adjudication,[1] provided, in pertinent part:

> The Commissioner shall certify . . . three transcripts or abstracts of those conviction documents which bring the person named therein within the definition of an habitual offender, as defined in § 46.2-351 . . . .

> \* \* \* \* \* \* \*

> The transcript or abstract shall be prima facie evidence that the person named therein was duly convicted . . . of each offense shown by the transcript or abstract.  If the person denies any of the facts stated therein, he shall have the burden of proving that the fact is untrue.

---

[1]Code § 46.2-352 was amended effective January 1, 1996.

In Moffitt v. Commonwealth, 16 Va. App. 983, 434 S.E.2d 684

(1993), we held:

> Habitual offender proceedings are civil in nature, not criminal.  Therefore, the Commonwealth has the burden of proving by a preponderance of the evidence that the respondent had obtained the three requisite driving convictions to be an habitual offender. . . . [T]he Commonwealth established a prima facie presumption that it was a valid conviction by introducing the certified DMV transcript . . . . The prima facie presumption that the convictions were valid necessarily encompasses that the evidence of the charges were proven . . . . Once the Commonwealth has established a prima facie case, it is entitled to judgment, unless the respondent goes forward with evidence that refutes an element of the Commonwealth's case or rebuts the prima facie presumption.

Id. at 986, 434 S.E.2d at 687 (citations omitted).

On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The judgment of a trial court sitting without a jury will not be set aside unless plainly wrong or without evidence to support it.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The DMV transcript constituted prima facie proof of Dicker's qualification as an habitual offender.  The issue embraced in this appeal is whether the allegedly defective April 19, 1994 order rebuts the presumption of that prima facie proof.

Dicker contends that the failure of the general district

- 3 -

court to check all the blocks rendered the April 19, 1994 order void.  We disagree.  Although the informational deficiencies of the order might have rendered it reversible on appeal, the order was, at worst, voidable, not void.  Because the order was never reversed, it remained a valid conviction.  The order shows on its face that it was a valid exercise of the general district court's subject matter, territorial, and personal jurisdiction.

The April 19, 1994 order failed in several respects to corroborate the DMV transcript.  However, in no respect did it contradict that transcript.

> It is within the province of the fact finder to evaluate the credibility of the witnesses and the weight of the evidence.  The determination that a party's evidence is not credible or not sufficiently persuasive to overcome the prima facie presumption will not be overturned on appeal unless clearly wrong or unsupported by the record.

Moffitt, 16 Va. App. at 988, 434 S.E.2d at 688.

The judgment of the trial court is affirmed.

Affirmed.