COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


JOE R. JACKSON, S/K/A
 JOE RALPH JACKSON
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0147-01-4           JUDGE G. STEVEN AGEE
                                         MARCH 5, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF PAGE COUNTY
                  John J. McGrath, Jr., Judge

        S. Jane Chittom, Appellate Defender (Public
        Defender Commission, on brief), for
        appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Randolph A. Beales, Attorney
        General, on brief), for appellee.


     Joe R. Jackson (Jackson) was found guilty by the Page

County Circuit Court of driving under the influence, third or

subsequent offense, in violation of Code §§ 18.2-266 and

18.2-270, and operating a motor vehicle after having been

declared an habitual offender, in violation of Code §§ 18.2-266

and 46.2-357(B)(3). On appeal he contends the evidence was

insufficient to establish that he had been previously declared a

habitual offender. For the following reasons, we affirm

Jackson's conviction.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

> Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom. We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The Commonwealth established a prima facie case against Jackson. The Commonwealth introduced into evidence Jackson's DMV transcript establishing his status as a habitual offender. This evidence alone is generally sufficient to prove a defendant has been adjudicated a habitual offender. See Hall v. Commonwealth, 15 Va. App. 170, 421 S.E.2d 887 (1992); Ingram v. Commonwealth, 1 Va. App. 335, 338 S.E.2d 657 (1986).

Jackson concedes that the Commonwealth established a prima facie case against him. However, he contends that the show cause summons contradicts the evidence establishing the prima facie case and he is therefore entitled to a reversal of his conviction. We disagree.

We find that Dicker v. Commonwealth, 22 Va. App. 658, 472 S.E.2d 655 (1996), controls this case. As in the case at bar,

- 2 -

the Commonwealth in Dicker submitted a DMV transcript reflecting the habitual offender adjudication and showing the conviction there in question. See id. at 660, 472 S.E.2d at 656. "In rebuttal, Dicker introduced a certified copy of a pre-printed arrest warrant, which contained the April 19, 1994 conviction order." Id. at 660, 472 S.E.2d at 656-57. He argued that the order was void because the general district court failed to check the appropriate boxes indicating his plea and whether he was found guilty, not guilty, or guilty of a lesser-included offense. See id. "The trial court ruled that Dicker had failed to rebut the Commonwealth's prima facie proof of the requisite convictions . . . ." Id. We upheld the habitual offender determination and agreed with the trial court that the appellant had not rebutted the prima facie presumption. See id. at 662, 472 S.E.2d at 657. We held that, while the conviction order failed in several respects to corroborate the DMV transcript, it did not contradict the transcript. See id.

In the case at bar, Jackson did not rebut the prima facie case. Viewed in the light most favorable to the Commonwealth, the DMV transcript was not inconsistent with the habitual offender show cause summons. The DMV transcript evidences Jackson's adjudication as a habitual offender. The summons demonstrates Jackson (1) was the person named in the record, (2) had been previously convicted of each offense provided in the transcript presented to the general district court, (3) had his

license revoked by the general district court, and (4) was ordered not to operate a motor vehicle within the Commonwealth.

Jackson argues the markings over the block "the respondent is an habitual offender" show that the judge did not intend to mark that block. However, it is not apparent in viewing the summons that is the case or whether the judge simply marked this block more firmly than the others. No other evidence is in the record to otherwise substantiate Jackson's view. Further, the show cause summons indicates that the general district court did not adjudicate Jackson not to be a habitual offender nor did it dismiss the matter.

The record, taken as a whole, is consistent with the DMV transcript. Jackson, therefore, presented no evidence to rebut the Commonwealth's prima facie case against him, and his contention that he is not an adjudicated habitual offender is an impermissible collateral attack on the April 15, 1999 adjudication. See England v. Commonwealth, 18 Va. App. 121, 442 S.E.2d 102 (1994); Pigg v. Commonwealth, 17 Va. App. 756, 441 S.E.2d 216 (1994) (en banc) (holding a habitual offender may not challenge an adjudication collaterally in a subsequent criminal proceeding).

Accordingly, the evidence was sufficient to convict Jackson of driving after having been declared a habitual offender. Jackson's conviction is affirmed.

Affirmed.