COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Annunziata and
         Senior Judge Coleman
Argued at Richmond, Virginia


HAROLD OSCAR ROSE, JR.
                                        OPINION BY
v.   Record No. 0361-01-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MARCH 26, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SUSSEX COUNTY
                    Robert G. O'Hara, Jr., Judge

          Connie Louise Edwards (Connie Louise Edwards,
          P.C., on brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Randolph A. Beales, Attorney
          General, on brief), for appellee.


     Harold Oscar Rose, Jr. (appellant) was convicted in a bench

trial of unlawfully and feloniously driving a motor vehicle

after having been found to be an habitual offender, second or

subsequent offense, in violation of Code § 46.2-357.[1]  On appeal,

he contends the initial order that adjudicated him to be an

habitual offender was invalid and that the Commonwealth's

evidence was insufficient to support a conviction for felony

habitual offender, second or subsequent offense, because of the

---

[1] Appellant also was convicted of carrying a concealed
weapon, second or subsequent offense, in violation of
Code § 18.2-308, but that conviction is not at issue here.

infirmities in the original order. We find no error and affirm the trial court.

## I. BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on June 13, 2000, at approximately 8:30 a.m., Game Warden John Rush (Rush) was sitting in the parking lot of a 7-11 store in Wakefield, Virginia. He observed appellant drive a truck into the parking lot and walk into the store. Rush followed him into the store and saw part of the muzzle of a .45 automatic pistol under appellant's vest. Rush placed appellant under arrest for carrying a concealed weapon and, after receiving information from Sussex County, also charged him with driving after being adjudicated an habitual offender. Appellant denied being the driver of the truck; however, Rush saw no one else in the truck, and no other person was located at the scene.

At trial, the Commonwealth introduced an August 6, 1996 order from the Newport News General District Court that adjudicated appellant to be an habitual offender. The judge signed and dated the form order, noted appellant's absence, and

marked three preprinted boxes. The boxes included the following findings: (1) "That the respondent is the same person named in the record"; (2) "That the respondent was convicted of each offense shown by the transcript or abstract"; and (3) "That the respondent is an habitual offender." However, the judge failed to check any of the boxes under the section entitled, "AND IT IS THEREFORE ORDERED," including the language revoking appellant's driver's license and ordering him "not to operate a motor vehicle on the highways of the Commonwealth." The order was personally served on appellant on August 8, 1996.

The Commonwealth then introduced a March 6, 2000 order of conviction for first offense, misdemeanor, driving as an habitual offender, from the Circuit Court of the City of Virginia Beach. At that hearing, appellant was represented by counsel and pled guilty to the charged offense.

Appellant conceded the authenticity of the documents but objected to the admission of both. The trial court overruled the objections and found the evidence sufficient to convict.

## II. STANDARD OF REVIEW

In reviewing sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42, cert. denied, 502 U.S. 944 (1991).

- 3 -

"[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

### III.   VALIDITY OF THE NEWPORT NEWS ORDER

Appellant contends that because the judge did not complete the Newport News adjudication order, it was a "non-order" and could not serve as the basis for a proper declaration of his status as an habitual offender.  In effect, he argues that the adjudication order was void, and his later plea of guilty could not supply the factual predicate that he had actual notice that he was "directed not to operate a motor vehicle on the highways of the Commonwealth."  We disagree.

Code § 46.2-355, in effect at the time of appellant's habitual offender adjudication, provided in pertinent part:

> If the court finds that the person is the same person named in the transcript or abstract, that the person is an habitual offender and that clause (iii) above does not apply, the court shall enter an order (i) revoking the person's license if the proceeding is pursuant to § 46.2-351.2 or (ii) affirming the determination of the Commissioner and the revocation of the person's license if the proceeding is pursuant to § 46.2-352 and directing the person not to operate a motor vehicle on the highways in the Commonwealth and to surrender to the court all licenses or permits to drive a motor vehicle on the highways in the Commonwealth.

However, we held in Reed v. Commonwealth, 15 Va. App. 467, 424 S.E.2d 718 (1992), that:

> Code § 46.2-355 [] requires proof of actual knowledge that one has been declared to be an habitual offender before one can be convicted of driving after having been so declared and ordered not to drive. Although Code § 46.2-357 does not expressly provide that the Commonwealth prove scienter or mens rea, we find that the provisions in Code § 46.2-355 that the order direct the person not to drive and to surrender his license, and the further directive that a copy of the order be mailed to the defendant if it appears he was not present, bespeak a requirement that the person receive actual notice of having been declared an habitual offender and directed not to drive before he can be convicted and imprisoned for driving after having been declared an habitual offender.

Id. at 471, 424 S.E.2d at 720-21.

Thus, under Reed, appellant must receive actual notice that he has been (1) declared to be an habitual offender and (2) directed not to drive prior to the charged offense. Clearly, appellant was personally served with the Newport News adjudication order that established his "status" as an habitual offender. However, the second element was not properly addressed in the order because the trial judge failed to check the box directing him not to drive. Thus, the order failed to meet the second Reed directive. "A court speaks through its orders and those orders are presumed to accurately reflect what

- 5 -

transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480

S.E.2d 126, 128 (1997).

However, our inquiry does not end there. We disagree with

appellant's contention that the August 6, 1996 adjudication

order is void and, thus, we must consider whether other evidence

can establish the second prong of the Reed requirement.

> The distinction between an action of
> the court that is void ab initio rather than
> merely voidable is that the former involves
> the underlying authority of a court to act
> on a matter whereas the latter involves
> actions taken by a court which are in error.
> An order is void ab initio if entered by a
> court in the absence of jurisdiction of the
> subject matter or over the parties, if the
> character of the order is such that the
> court had no power to render it, or if the
> mode of procedure used by the court was one
> that the court could "not lawfully adopt."
> The lack of jurisdiction to enter an order
> under any of these circumstances renders the
> order a complete nullity and it may be
> "impeached directly or collaterally by all
> persons, anywhere, at any time, or in any
> manner." . . . In contrast, an order is
> merely voidable if it contains reversible
> error made by the trial court.

Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001)

(internal citations omitted). See also Nelson v. Warden of the

Keen Mountain Correctional Center, 262 Va. 276, 552 S.E.2d 73

(2001).

"Where a[n] habitual offender adjudication rests upon valid

subject matter and personal jurisdiction and is not appealed,

that adjudication becomes final and neither the adjudication nor

the underlying convictions can be collaterally attacked."

Commonwealth v. Brown, 28 Va. App. 781, 790, 508 S.E.2d 916, 921 (1999).

In a factually similar case, Dicker v. Commonwealth, 22 Va. App. 658, 472 S.E.2d 655 (1996), the defendant argued that a conviction order was void because the district court judge failed to check all the appropriate boxes indicating his plea and whether he was found guilty, not guilty, or guilty of a lesser-included offense. We held:

> Although the informational deficiencies of the order might have rendered it reversible on appeal, the order was, at worst, voidable, not void. Because the order was never reversed, it remained a valid conviction. The order shows on its face that it was a valid exercise of the general district court's subject matter, territorial, and personal jurisdiction.

Id. at 662, 472 S.E.2d at 657.

The same analysis applies to the instant case. Appellant challenges neither the validity of the subject matter, nor the personal jurisdiction underlying his Newport News adjudication. Rather, he argues that the deficiencies in the order render it void. We hold that, at best, like Dicker, the order was voidable.

## IV. SUFFICIENCY OF THE EVIDENCE

Thus, the issue remaining to be addressed on the conviction at issue here, his second driving after having been adjudged an

habitual offender, is whether all the evidence at trial supports the finding that appellant had actual knowledge at the time of this offense that he was an habitual offender and that he was forbidden to drive on the highways of the Commonwealth at that time. We hold the evidence supports the trial court's finding that appellant had knowledge of both his status as an habitual offender and the accompanying prohibition not to drive.

## V. GUILTY PLEA

"[A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law." Dowell v. Commonwealth, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991) (citations omitted), aff'd on rehearing en banc, 14 Va. App. 58, 414 S.E.2d 440 (1992). "'A plea of guilty that is voluntarily and intelligently made by an accused is a conviction and nothing is left but the imposition of the prescribed punishment.'" Id. (quoting Miracle v. Peyton, 211 Va. 123, 126, 176 S.E.2d 339, 340 (1970)). A guilty plea "is an admission . . . of a solemn character. . . . [I]t is competent evidence against him. . . . [I]t is evidence of each and every element needed to constitute the offense admitted as a crime." Bannister v. Mitchell, 127 Va. 578, 583, 104 S.E. 800, 801 (1920).

Appellant claims that his plea of guilty to the intervening March 6, 2000 Virginia Beach charge of driving while an habitual

offender should not have been considered by the trial court in determining whether he had knowledge of his continuing status as an habitual offender and its attendant prohibition not to drive. Appellant argues that he acted under a "mistake of fact" that the adjudication order was valid and also that his plea was an "evidential admission" rather than a "judicial admission" as characterized by the trial judge.[2] Neither contention has merit.

The evidence shows there was no "mistake of fact" because the adjudication order was merely voidable and remained in effect. Additionally, the trial court properly considered appellant's plea of guilty to the same offense three months earlier as proof that he was aware of both his habitual offender status and that he was not allowed to drive. The trial court also properly considered appellant's untruthful denial that he was the driver of the truck as affirmative evidence that he knew he was forbidden to drive.

---

[2] Evidential admissions "are statements made outside of the scope of the court proceedings. These are admissible in evidence but are not binding or conclusive. They may be denied, rebutted, or explained away, and the weight to be given to them is a matter for the trier of fact." Charles E. Friend, The Law of Evidence in Virginia § 18-37 (5th ed. 1999). By contrast, judicial admissions "are concessions made by a party during the course of litigation which bind the party and prevent contrary evidence from being introduced." Id. "It should be noted that both guilty pleas and testimony at a former trial are evidential, not judicial, admissions." Id. § 18-52. In the instant case, the fact that the trial court mischaracterized the type of admission does not preclude its consideration.

> The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt. See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Thus we hold the evidence is sufficient to prove that appellant had been adjudicated an habitual offender, had knowledge of this status and the accompanying prohibition not to drive, and operated a motor vehicle with this knowledge.

For these reasons, we affirm the trial court.

Affirmed.