COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


KENNETH McCOY BOND

MEMORANDUM OPINION[*] BY
v.   Record No. 3454-01-1          JUDGE WALTER S. FELTON, JR.
                                        APRIL 8, 2003
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                     Bruce H. Kushner, Judge

         Randolph D. Stowe for appellant.

         Donald E. Jeffrey, III, Assistant Attorney
         General (Jerry W. Kilgore, Attorney General;
         Margaret W. Reed, Assistant Attorney General,
         on brief), for appellee.


     Kenneth Bond was convicted in a bench trial of driving after

having been declared an habitual offender, in violation of Code

§ 46.2-357.  On appeal, Bond contends that the evidence was

insufficient to support his conviction because there was no

evidence that he had received notice that he had been declared an

habitual offender.  For the following reasons, we affirm the

judgment of the trial court.

                    I.   BACKGROUND

     On January 11, 2000, Officer T.W. Kullman, Jr. stopped

Kenneth Bond for driving a vehicle with an improperly covered

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

license plate.  When asked for his driver's license, Bond pulled out a card, but would not hand it to Officer Kullman.  He held the card in a manner where his thumb covered the areas that said "identification card."  Bond handed the card to Officer Kullman after his third request.

The name on the identification card indicated "Robert Bond," and Officer Kullman issued a summons in the name of Robert Bond for driving on a suspended license.  Bond signed the summons as "Robert Bond."[1]

At trial, the Commonwealth introduced Kenneth Bond's Department of Motor Vehicles ("DMV") driving record.  The driving record reflected the following:

> February 15, 1995:  Adjudicated as an habitual offender.  Suspension of license issued on February 28 for habitual offender.  Notified by mail.
>
> March 28, 1995:  Charged with operating a motor vehicle after having been declared an habitual offender.  Convicted on June 30, 1995.
>
> April 26, 1995:  Driving privileges restored by court order.
>
> June 4, 1995:  Charged with operating a motor vehicle after having been declared an habitual offender.  Convicted on July 11, 1995.
>
> July 12, 1997:  Charged with operating a motor vehicle after having been declared an habitual offender, in violation of Code

---

[1] Prior to trial, it was determined that Kenneth Bond had falsely presented himself and falsely signed the summons as "Robert Bond."

-

§ 46.2-357. On June 16, 1998, Bond pleads guilty to that charge.

October 2, 1997: Determined an habitual offender by DMV. License revoked on October 6, 1997. Order sent to Bond, but not accepted.

January 11, 2000: Bond charged with operating a motor vehicle after having been declared an habitual offender. Convicted on October 23, 2001.

Bond moved to strike the habitual offender charge, arguing the June 1998 conviction was based on an offense date when he was not declared an habitual offender. According to Bond, DMV records indicate that it did not send him notice of his habitual offender status until October 6, 1997, three months after he was charged. The trial court denied the motion, finding "the defendant was aware and had effectively received notice when he entered his plea of guilty in the Norfolk Circuit Court," on June 16, 1998. Although Bond testified and claimed he had no memory of pleading guilty to the habitual offender charge in 1998, he corrected the prosecutor on how much time he served for the conviction. The trial court concluded Bond's testimony was "incredible" and denied the renewed motion to strike.

## II. ANALYSIS

Bond contends on appeal that the evidence was insufficient to convict him of driving after having been declared an habitual offender because there was no evidence that he was put on notice as to his status as an habitual offender. We disagree.

-

> When the sufficiency of the evidence is
> challenged on appeal, it is well established
> that we must view the evidence in the light
> most favorable to the Commonwealth, granting
> to it all reasonable inferences fairly
> deducible therefrom.  The conviction will be
> disturbed only if plainly wrong or without
> evidence to support it.

Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

In order to convict Bond of being an habitual offender, the Commonwealth is required to prove that he "knew at the time he operated a motor vehicle . . . that he was doing so after he had been declared an habitual offender and ordered not to drive." Reed v. Commonwealth, 15 Va. App. 467, 468, 424 S.E.2d, 718, 718 (1992).  Bond argues that when he was stopped on January 11, 2000, he was unaware that he had previously been declared an habitual offender.  As support, he indicates that in October 1997, he did not receive notice from the Department of Motor Vehicles regarding his habitual offender status.  He claims that on July 12, 1997, he was not in habitual offender status. Furthermore, that he pled guilty, on the advice of counsel, to an habitual offender offense even though he was innocent, his guilty plea in no way shows he had knowledge of his status. Bond's reliance on that argument is misplaced.

> "[A] voluntary and intelligent plea of
> guilty by an accused is, in reality, a
> self-supplied conviction authorizing
> imposition of the punishment fixed by law."
> Dowell v. Commonwealth, 12 Va. App. 1145,
> 1148, 408 S.E.2d 263, 265 (1991) (citations

-

> omitted), <u>aff'd on rehearing en banc</u>, 14
> Va. App. 58, 414 S.E.2d 440 (1992). . . . A
> guilty plea "is an admission . . . of a
> solemn character. . . . [I]t is competent
> evidence against him. . . . [I]t is evidence
> of each and every element needed to
> constitute the offense admitted as a crime."
> <u>Bannister v. Mitchell</u>, 127 Va. 578, 583, 104
> S.E. 800, 801 (1920).

<u>Rose v. Commonwealth</u>, 37 Va. App. 728, 735-36, 561 S.E.2d 46, 50 (2002). On June 16, 1998, Bond entered a plea of guilty to misdemeanor habitual offender. When he entered that plea, he was present in court and was represented by counsel. His physical presence in the court during his trial provided Bond with actual notice of his habitual offender status. By pleading guilty to the misdemeanor habitual offender charge, Bond admitted to each and every element of the offense and acknowledged his habitual offender status.[2]

There is no dispute that Bond was driving on January 11, 2000. At that time he knew of his habitual offender status, yet he was driving despite his status and despite having his driving privileges revoked. When Bond was stopped, he attempted to conceal his identity by providing false identification and forging the summons. Based on this evidence, we find that the trial court could have reasonably concluded that Bond was aware of his habitual offender status and was attempting to conceal

---

[2] Pursuant to Code § 46.2-356, a person found to be an habitual offender may not have a Virginia driver's license issued to him until the court enters an order restoring his driving privileges.

-

his identity and avoid prosecution.  The evidence was sufficient beyond a reasonable doubt to support a conviction for the offense charged.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>