Present: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Compton, S.J.

HAROLD OSCAR ROSE, JR.

OPINION BY
v. Record No. 021324         JUSTICE LAWRENCE L. KOONTZ, JR.
                                      April 17, 2003
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA


The dispositive issue in this appeal is whether the

Commonwealth presented sufficient evidence to sustain

appellant's felony conviction for driving after having been

adjudicated an habitual offender, second or subsequent offense,

in violation of Code § 46.2-357.

BACKGROUND

The pertinent facts are not in dispute. We consider those

facts in the light most favorable to the Commonwealth, Dowden v.

Commonwealth, 260 Va. 459, 461, 536 S.E.2d 437, 438 (2000), and

for purposes of our resolution of this appeal, briefly summarize

them in the following fashion. On the morning of June 13, 2000,

Harold Oscar Rose, Jr. (Rose) was arrested for the crime of

possession of a concealed weapon at a store in Wakefield,

Virginia.[1] The arresting officer had also observed Rose driving

_____

[1] Rose was convicted of that offense in the same trial from
which this appeal arises and was sentenced to a one year
suspended sentence. Rose does not challenge that conviction in
this appeal.

a truck prior to his arrest. When Rose could not produce a driver's license, the officer made inquiries and learned that Rose previously had been adjudicated an habitual offender. Accordingly, the officer also charged Rose with driving after having been adjudicated an habitual offender in violation of the misdemeanor provisions of Code § 46.2-357. It was subsequently determined that Rose had been convicted of this crime on a prior occasion. As a result, the indictment against Rose charged him with a second or subsequent offense in violation of the felony provisions of Code § 46.2-357.

On November 15, 2000, Rose entered a not guilty plea and was tried on the indictment in a bench trial in the Circuit Court of Sussex County. At that trial, the Commonwealth introduced an August 6, 1996 order from the Newport News General District Court that adjudicated Rose an habitual offender pursuant to the provisions of former Code § 46.2-351.2, which was the applicable statute at the time of the adjudication proceeding. The general district court judge signed and dated a preprinted adjudication order, noting thereon that Rose was not present at the proceeding, and marked three boxes to indicate the following findings: (1) "That the respondent is the same person named in the record;" (2) "That the respondent was convicted of each offense shown by the transcript or abstract;" and (3) "That the respondent is an habitual offender." However,

2

the general district court judge failed to mark any of the boxes under the section of the order entitled, "AND IT IS THEREFORE ORDERED," including the box revoking Rose's driver's license and ordering him "not to operate a motor vehicle on the highways of the Commonwealth." The order indicated that it had been personally served on Rose on August 8, 1996. The Commonwealth also introduced a March 6, 2000 order from the Circuit Court of the City of Virginia Beach convicting Rose for driving as an habitual offender, first offense. That order reflected that Rose had been represented by counsel and pled guilty to the charged offense.

Arguing a motion to strike the evidence at the conclusion of the Commonwealth's case-in-chief, Rose conceded the authenticity of the two orders proffered by the Commonwealth. Rose's counsel asserted, however, that the August 6, 1996 order facially "does not do what the Commonwealth says it does, and therefore there is no proof, or sufficient proof, even prima facie proof that my client has adequately or completely or ever been adjudicated an habitual offender." The trial court overruled the motion to strike and, after receiving additional evidence related to the substance of the offense and denying Rose's renewed motion to strike the evidence, found the evidence sufficient to convict Rose of a second or subsequent violation of Code § 46.2-357. Rose was sentenced to 12 months in jail.

3

Rose filed an appeal of his conviction with the Virginia Court of Appeals. In that appeal, as summarized by the Court of Appeals in its published opinion affirming Rose's conviction, Rose contended "that because the judge did not complete the Newport News adjudication order, it was a 'non-order' and could not serve as the basis for a proper declaration of his status as an habitual offender. In effect, he argues that the adjudication order was void, and his later plea of guilty could not supply the factual predicate that he had actual notice that he was 'directed not to operate a motor vehicle on the highways of the Commonwealth.' " Rose v. Commonwealth, 37 Va. App. 728, 732-33, 561 S.E.2d 46, 48 (2002).

In affirming Rose's conviction, the Court of Appeals focused its analysis of the case on whether the August 6, 1996 order was void and subject to collateral attack in a subsequent proceeding, or merely voidable and subject to attack only in a direct appeal. The Court of Appeals concluded that the order was not void because the general district court that entered it had proper personal and subject matter jurisdiction and, thus, the order was, at best, a voidable order that Rose could not collaterally attack in a subsequent proceeding. Id. at 735, 561 S.E.2d at 49. Accordingly, the Court of Appeals concluded that "the evidence supports the trial court's finding that appellant had knowledge of both his status as an habitual offender and the

4

accompanying prohibition not to drive." Id. (citing Reed v. Commonwealth, 15 Va. App. 467, 471, 424 S.E.2d 718, 720-21 (1992) (holding actual knowledge of declaration of habitual offender status and direction not to drive required for conviction for driving after having been so declared)). The Court of Appeals went on to discuss the validity of the March 6, 2000 order convicting Rose of a first offense of violating his habitual offender status, concluding that this evidence supported the Court's conclusion that Rose was aware of his status and also supported his conviction for a second or subsequent violation of his habitual offender status. Rose, 37 Va. at 736-37, 561 S.E.2d at 50. We awarded Rose this appeal.

DISCUSSION

Code § 46.2-357(A) provides that "[i]t shall be unlawful for any person determined or adjudicated an habitual offender to drive any motor vehicle . . . on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect." (Emphasis added.) Thus, to sustain a conviction for driving a motor vehicle in violation of that statute, the Commonwealth must prove that the defendant's driving privilege has been revoked. In the present case, the Commonwealth does not assert that Rose's driving privilege was ever revoked by the Commissioner of the Department of Motor

Vehicles.  Rather, the Commonwealth relies upon the court orders at issue in this case.

Because the Court of Appeals chose to analyze the issue of the sufficiency of the evidence as involving a collateral attack on the validity of the August 6, 1996 order, counsel have focused much of their contentions before this Court on the "void versus voidable" analysis of the Court of Appeals' opinion. However, Rose never challenged the validity of the August 6, 1996 order in that respect at trial.  To the contrary, Rose's objection was not that the order was void ab initio, but simply that it failed to establish the fact for which the Commonwealth had proffered it during the November 15, 2000 trial, that is, to prove that Rose had been adjudicated an habitual offender and that his driving privilege had been revoked as a result.  Rose maintains that same position in this appeal.

Although subsequently repealed, as in effect at the time of the entry of the August 6, 1996 order, Code § 46.2-355 provided, in pertinent part, that:

> If the court finds that the person is the same person named in the transcript or abstract, [and] that the person is an habitual offender . . . the court shall enter an order (i) revoking the person's license if the proceeding is pursuant to § 46.2-351.2 . . . and directing the person not to operate a motor vehicle on the highways in the Commonwealth and to surrender to the court all licenses or permits to drive a motor vehicle on the highways in the Commonwealth.

6

On its face, the August 6, 1996 order does not accomplish what the statute required. Indeed, the order determined Rose to be an habitual offender but failed to direct him not to operate a motor vehicle on the highways in the Commonwealth. Asserting that this order was voidable, the Commonwealth conceded during oral argument of this appeal that the order was "incomplete" and "erroneous."[2] We are of opinion that an "incomplete" order which adjudicates a person as an habitual offender, but "erroneously" fails to impose the required prohibition against that person operating a motor vehicle, does not satisfy the Commonwealth's burden of proof in a subsequent trial charging that person with violating Code § 46.2-357.

---

[2] We recognize that if the August 6, 1996 order was "incomplete" merely as the result of a clerical mistake, then it would be subject to correction nunc pro tunc pursuant to Code § 8.01-428(B). However, as this had not been done prior to Rose's trial, the Commonwealth may not assert, as it attempted to do during oral argument of this appeal, that there is "only one conclusion" of what the general district court could have intended to do and that we should give effect to that intent. The maxim that "trial courts speak only through their orders and that such orders are presumed to reflect accurately what transpired" is the well-established law of this Commonwealth. McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001). It is not the role of the appellate courts to look beyond the express language and effect of a trial court's orders to glean some unexpressed intention. This is particularly so in instances such as this case, where the Commonwealth would rely on the supposed intent to satisfy its burden of proof in a criminal trial.

7

It is not sufficient merely to prove, as the Commonwealth did in this instance, that the defendant was aware that he had been adjudicated an habitual offender, or even, as was also the case here, that the defendant mistakenly believed that his driving privilege had been revoked and had previously pled guilty to a violation of Code § 46.2-357. Rather, the Commonwealth has the burden to show beyond a reasonable doubt that the defendant drove a motor vehicle "while the revocation of the [defendant's] driving privilege remains in effect."

The evidence presented at the November 15, 2000 trial proved that Rose had been found to be an habitual offender on August 6, 1996 and that he had pled guilty to a first offense violation of Code § 46.2-357 on March 6, 2000. But that evidence did not prove beyond a reasonable doubt that Rose's driving privilege had been revoked. The August 6, 1996 order clearly did not revoke Rose's driving privilege, and there is no indication in the record that the March 6, 2000 conviction was premised on any evidence more competent than that presented at the November 15, 2000 trial. Although Rose's guilty plea was an evidential admission that he believed that his privilege to operate a motor vehicle had been revoked, the issue here is not one of notice. Rather, the issue is whether Rose operated a motor vehicle while the revocation of his privilege to drive remained in effect. Rose's prior guilty plea did not establish

that element of the present offense because, as we have already stated, his driving privilege has never been revoked. Accordingly, we hold that the Commonwealth's evidence at the November 15, 2000 trial was insufficient to sustain a conviction for a felony violation of Code § 46.2-357, that the trial court erred in not granting Rose's motion to strike and in convicting Rose of that offense, and that the Court of Appeals erred in sustaining Rose's conviction.

## CONCLUSION

For these reasons, we will reverse the judgment of the Court of Appeals, dismiss the indictment charging Rose with violating Code § 46.2-357, and enter final judgment for Rose.

Reversed and final judgment.

9