COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


CATHERINE LORRAINE McNEESE

MEMORANDUM OPINION*

v.        Record No. 2271-03-4                                PER CURIAM
                                                            MARCH 9, 2004
JOHN F. TAYLOR


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
J. Howe Brown, Judge Designate

(Robert B. Machen, on briefs), for appellant.

(Matthew S. McConnell, on brief), for appellee.


Catherine L. McNeese (wife) appeals the July 21, 2003 order of the circuit court denying her motion to modify child support and awarding John F. Taylor (husband) an extended visitation period with the parties' minor son. On appeal, wife contends the trial court erred by (1) awarding husband a weekly overnight visitation without finding a material change of circumstances, (2) "enter[ing] an order that was contrary to the decision given verbally from the bench," (3) "enter[ing] an order which contained findings not addressed by the court," (4) "enter[ing] an order not supported by the transcript of the court's decision," and (5) failing to award her attorney's fees. Upon reviewing the record and briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## Background

The parties married on November 27, 1991. One child was born of the marriage; a son, on April 24, 1997. The parties separated in November 1999 and entered into a separation

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

agreement in August 2000. The agreement, which was incorporated into the December 12, 2000 final decree of divorce, provided that the parties would have joint legal and shared physical custody of their child. Pursuant to the agreement, husband was provided a specific visitation schedule.

In February 2003, wife filed a petition to increase child support and husband filed a motion to modify custody and support. At a June 4, 2003 trial on the issues, the circuit court requested each party draft an order memorializing its ruling and announced it would enter the order with which it agreed. Specifically, the court informed the parties:

> What I'm going to do is I'm going to give some general guidelines. I'm going to give you then a deadline for you all to agree on putting it in writing. If you don't put it in writing, then what I want is for each of you to give me an order as you think it ought to be and I'll decide.

## Analysis

### I.

Both parties submitted a proposed order to the court following trial. The court entered the order submitted by husband and provided wife twenty-one days to endorse the order with her objections or waive endorsement. Wife failed to enter objections to the order within that time period. Additionally, wife's motion for reconsideration includes no objection to the Wednesday overnight visitation. Her only mention of the overnight visitation issue is included in her unentered, proposed order.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Wife failed to present this argument to the trial court. Therefore, Rule 5A:18 bars our

consideration of this issue on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

II. through IV.

Our review of the briefs and the record indicates that wife's questions two through four concern whether the trial court erred by entering an order which did not comport with the court's earlier ruling from the bench.  Accordingly, we will address those questions together.

A trial court "'speaks through its orders and those orders are presumed to accurately reflect what transpired'" at trial.  Rose v. Commonwealth, 37 Va. App. 728, 734, 561 S.E.2d 46, 49 (2002) (quoting McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997)).  This rebuttable presumption applies even when "an order conflicts with a transcript of related proceedings."  Martilla v. Commonwealth, 33 Va. App. 592, 598, 535 S.E.2d 693, 696 (2000).

Trial courts "have the authority to interpret their own orders."  Fredericksburg Constr. Co., Inc. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000).  When examining a trial court's order on appeal, we defer to the interpretation adopted by that lower court.  Id.; Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 411 (2002).  Our analysis here, therefore, requires determining whether the trial court abused its discretion when interpreting its July 21, 2003 order.

The court specifically instructed the parties that it was providing them with "general *guidelines*" (emphasis added), to use in drafting an order.  The court explained that it would review the proposed orders and then "decide" which to enter.

The record indicates the trial court denied wife's motion for reconsideration on September 2, 2003.  Wife's motion argued the court's July 21, 2003 order was in conflict with its stated findings at trial.  By denying the reconsideration motion, the court determined its order

accurately reflected its decision. The court clearly provided the parties only with guidelines upon which to rely in drafting the proposed orders and retained the discretion to make final decisions after reviewing the orders submitted by the parties. We find no abuse of discretion in the court's interpretation of its own order.

V.

Wife asserts the trial court erred by failing to award her attorney's fees.

We are guided by the principle that "[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Under the instant circumstances, we cannot conclude that the trial court abused its discretion in denying wife's request. We, likewise, deny wife's request for an award of attorney's fees related to this appeal.

VI.

Husband requests this Court to award attorney's fees and costs incurred on appeal.

Upon a review of this appeal, we find that the wife's case presented numerous questions that were not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Therefore, we award attorney's fees to husband and remand this case to the trial court for determination of attorney's fees and costs incurred in responding to this appeal, and for any costs incurred at the hearing on remand.

Conclusion

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27. We remand the case for a determination of husband's attorney's fees and costs incident to this appeal.

Affirmed and remanded.