COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


FARUZ RAZZAQ, A/K/A
 ALONZO C. PEEPLES
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0245-03-1                      JUDGE ROBERT P. FRANK
                                                    MARCH 23, 2004
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Dean W. Sword, Jr., Judge

          Joseph R. Winston, Special Appellant Counsel (Public Defender
          Commission, on briefs), for appellant.

          Stephen R. McCullough, Assistant Attorney General (Jerry W.
          Kilgore, Attorney General, on brief), for appellee.


          Faruz Razzaq (appellant) was convicted in a bench trial of unlawful concealment, third

offense, in violation of Code §§ 18.2-103 and 18.2-104.  On appeal, he contends the trial court

erred in finding that he had been convicted of two prior larceny offenses.  Specifically, he argues

the evidence regarding one of the predicate larceny offenses did not prove that he was

represented by or waived counsel.  Finding no error, we affirm.

                                       BACKGROUND

          During appellant's trial for unlawful concealment, third offense, the Commonwealth

attempted to introduce two conviction orders of petit larceny, one from Portsmouth and one from

Chesapeake.  Appellant objected only to the petit larceny conviction order from Chesapeake.

This conviction order was in the form of a Virginia Uniform Summons, bearing the docket

_____

          * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

number C00-4613.  The summons/order showed an October 23, 2000 conviction of petit larceny, under Code § 18.2-96, with a suspended sentence of ten days and a fine of $100.[1]  The preprinted portion of the summons/order had a block labeled "attorneys present" and blanks for "prosecuting attorney (name)" and "defendant's attorney (name)."  Under that block were boxes, labeled "no attorney" and "attorney waived."  None of these blanks or boxes was filled.  The costs assessed against appellant included a $100 "court appointed attorney" fee.  An incomplete notation appeared at the bottom of the certified copy of the summons/order, which the trial court determined read  "C-A-A" and "Shames."

The Commonwealth attached to the certified copy of the conviction, as part of the exhibit, a form entitled, "Request for Appointment of a Lawyer," dated July 31, 2000, with docket numbers C00-4612 and C00-4613.  The form indicated "Steve Shames" was appointed to represent appellant in these cases.  The form did not show the name of the defendant on the appropriate line, but appellant had signed the form and the docket number matched the summons/order.  The trial court concluded that appellant was represented by counsel and counsel was present for trial, despite the Chesapeake judge's failure to fill in the appropriate blanks.

Appellant did not testify regarding this issue nor did his attorney proffer to the trial court that appellant was not represented by counsel during the trial in Chesapeake.

### ANALYSIS

On appeal, appellant contends the Commonwealth did not prove that counsel represented him when he was convicted of petit larceny in Chesapeake.  He concludes, since the proper blanks were not completed on the summons/order, we should find, as a matter of law, that the

---

[1] The Chesapeake court also imposed two additional conditions on appellant that are not relevant to this appeal.

conviction was uncounseled and, thus, cannot be used as a predicate offense for another crime. We disagree.[2]

When a person has been convicted previously of two offenses deemed punishable as larceny, on a third conviction "he shall be guilty of a Class 6 felony." Code § 18.2-104. The judge or jury must find that the accused was convicted previously of two predicate offenses. Id.; see also Calfee v. Commonwealth, 215 Va. 253, 255, 208 S.E.2d 740, 741 (1974) (*per curium*) (noting that proof of the prior convictions must be introduced). However, in some circumstances, a predicate conviction cannot be used to enhance the penalty for a later crime. This Court has held, "[A] previous misdemeanor conviction attended by incarceration . . . may support . . . guilt []or enhanced punishment for a later offense [only if] the accused either waived or was represented by counsel in the earlier proceeding." Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997).

When examining the evidence of a prior conviction, the court should presume that the earlier case was conducted within the regular standards for judicial proceedings. Id.[3] As this Court has explained:

_____

[2] The Commonwealth does not argue that, if a trial court suspended the entirety of any incarceration imposed as part of a sentence, then an uncounseled conviction can be used as a predicate offense. Thus, we decline appellant's suggestion that we address Griswold v. Commonwealth, 252 Va. 113, 472 S.E.2d 789 (1996).

[3] Appellant argues this holding is *dicta* because Nicely addressed the presumption of regularity in a case where the Commonwealth used a Division of Motor Vehicles transcript, not a court order, to prove the prior conviction. This argument has no merit. "'*Dicta* are opinions of a judge which do not embody the resolution or determination of the court and, made without argument or full consideration of the point, are not the professed deliberate determinations of the judge himself . . . . *Obiter dicta* are such opinions uttered by the way, not upon the point . . . .'" Harmon v. Peery, 145 Va. 578, 583, 134 S.E. 701, 702 (1926) (quoting Rohrbach v. Germania Fire Ins. Co., 62 N.Y. 47, 20 Am. Rep. 451 (1875)). In Nicely, the presumption of regularity analysis was integral to determining where the burden of proof lay once the Commonwealth presented evidence of a prior conviction, therefore, the holding is not *dicta*.

> Because every final judgment of a court of competent jurisdiction is presumed "to have been rightly done," a "final" criminal conviction is entitled to a "presumption of regularity" when challenged collaterally, even on the ground that it was constitutionally invalid. See Nicely v. Commonwealth, 25 Va. App. 579, 584-86, 587, 490 S.E.2d 281, 283-84, 284 (1997); see also James v. Commonwealth, 18 Va. App. 746, 750-51, 446 S.E.2d 900, 903 (1994) (citing Parke [v. Raley], 506 U.S. [20,] 30, 113 S. Ct. [517,] 523 [(1992)]). Thus, if the Commonwealth offers evidence sufficient to prove the existence of a defendant's prior criminal conviction, a presumption arises that the prior conviction was obtained in compliance with the defendant's right to counsel under the Sixth Amendment. See Nicely, 25 Va. App. at 587, 490 S.E.2d at 284 (stating that "the record of a prior misdemeanor conviction, silent with respect to related incarceration *or representation of the accused by counsel*, is entitled to a presumption of regularity on collateral attack . . ." (emphasis added)). Unless the defendant rebuts this presumption with evidence that the prior conviction is constitutionally invalid, the prior conviction may be used for sentence enhancement in the current proceeding.

Harris v. Commonwealth, 26 Va. App. 794, 803-04, 497 S.E.2d 165, 169-70 (1998).

We believe Samuels v. Commonwealth, 27 Va. App. 119, 497 S.E.2d 873 (1998), is dispositive here. In a trial for driving under the influence, third offense, the trial court admitted a misdemeanor conviction from Arlington as a predicate offense for the enhanced penalty. Id. at 121, 497 S.E.2d at 874. The summons/order form documenting the conviction contained a handwritten notation, "Joe Duvall." Id. at 122, 497 S.E.2d at 874. To prove Mr. Duvall represented Samuels, the Commonwealth introduced a copy of a continuance form from the same court, which also contained the notation, "attorney Joe Duvall." Id. at 122, 497 S.E.2d at 875. Samuels asserted that evidence was insufficient because no attorney's name was listed on the summons/order under the preprinted language "Attorney for the Accused" nor was the preprinted section showing "Attorney(s) Present" completed. Id. We held the evidence in Samuels supported "the inference, which the trial judge drew as fact finder, that Duvall made an appearance in the case on behalf of the defendant." Id. at 124, 497 S.E.2d at 876. We further

-4-

noted that nothing in the record indicated Duvall had been relieved as counsel.  <u>Id.</u> at 124-25, 497 S.E.2d at 876.

In the instant case, we also find the evidence supports the trial court's factual determination that appellant was represented by counsel during his trial.  Although the blanks for listing the prosecuting and defending attorneys are empty, the summons/order includes a fee on the line for "court appointed attorney."  Additionally, the notation "C.A.A. S. Shames" appears on the bottom of the form.  A "Request for Appointment of a Lawyer" form and a "Determination of Indigency" form both bear appellant's signature and the same docket number as the conviction.  Finally, the request form specifically lists "Steve Shames" as the court-appointed lawyer for the Chesapeake case.  This evidence supports the trial court's finding that appellant had counsel for his prior petit larceny conviction, and appellant offered no evidence to rebut the presumption of regularity.

Appellant suggests <u>Rose v. Commonwealth</u>, 265 Va. 430, 578 S.E.2d 758 (2003), has bearing on our decision in this case.  However, <u>Rose</u> addressed whether an element of an offense was proven, not whether the presumption of regularity was rebutted.  In <u>Rose</u>, the format of the prior order, finding Rose a habitual offender, included a box to indicate his sentence included the mandatory revocation of driving privileges.  <u>Id.</u> at 435, 578 S.E.2d at 760-61.  The box was not marked, and the conviction did not indicate elsewhere that the revocation was ordered.  <u>Id.</u> at 435-36, 578 S.E.2d at 760-61. The Supreme Court found the Commonwealth had not met its *prima facie* burden to prove each element of driving while those privileges have been revoked.  <u>Id.</u> at 436, 578 S.E.2d at 761.  Here, the fact of the prior conviction is not in question; the Commonwealth has met its *prima facie* burden.  Instead, we are asked to decide whether the procedures used to obtain that conviction were proper.  <u>Rose</u> does not apply.

The trial court made a factual finding, supported by the evidence, that the appellant was represented by counsel on his Chesapeake conviction. Finding no error, we affirm the conviction.

<u>Affirmed</u>.