COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Clements and McClanahan


WILLIAM ARNOLD ROBB, JR.

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1310-03-2               JUDGE ELIZABETH A. McCLANAHAN
                                                              JULY 6, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

(John W. Parsons; Law Office of Wood and Wood, P.C., on brief),
for appellant.  Appellant submitting on brief.

(Jerry W. Kilgore, Attorney General; Donald E. Jeffrey, III,
Assistant Attorney General, on brief), for appellee.
Appellee submitting on brief.


William Arnold Robb, Jr. appeals his conviction for operating a motor vehicle after

having been declared an habitual offender, in violation of Code § 46.2-357.  Robb contends that

the evidence was insufficient to support his conviction because it was not proven that he had

received actual notice that he had previously been declared an habitual offender and directed not

to drive.  For the reasons that follow, we affirm the judgment of the trial court.

"When the sufficiency of the evidence is challenged on appeal, it is well established that

we must view the evidence in the light most favorable to the Commonwealth, granting to it all

reasonable inferences fairly deducible therefrom."  Jones v. Commonwealth, 13 Va. App. 566,

572, 414 S.E.2d 193, 196 (1992).  Viewed in this light, the evidence established the following:

on September 30, 2002, State Trooper Brandon Blakey observed a vehicle parked on the right

─────────────────────

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

shoulder of an exit ramp on I-64, that was "backing up into the travel lane where [the trooper] was exiting." The trooper immediately stopped the driver, who was the appellant Robb. The trooper asked Robb for his driver's license, which Robb did not have. The trooper asked Robb if "he was suspended," to which Robb responded that he probably was. The trooper then asked "if someone had taken his driver's license away at one point or another," and Robb stated that the courts did. When the trooper asked why Robb's license may have been taken by the courts, Robb responded that he thought it was related to his car's inspections or registration.

Trooper Blakey checked Robb's driving record through the Virginia Department of Motor Vehicles (DMV), and discovered that Robb's status was that of a revoked habitual offender. The trooper arrested Robb for driving after having been determined an habitual offender, in violation of Code § 46.2-357. After being placed under arrest and read his Miranda rights, Robb told the trooper that he had not yet gotten his license reinstated. The trooper then asked Robb if he had "ever been convicted as a habitual offender before in court." Robb said that "yes, he was."

On January 13, 2003, a grand jury indicted Robb, charging that he "unlawfully and feloniously operate[d] a motor vehicle on the highways . . . after having been found to be an habitual offender . . . while the order of the Court prohibiting such operation was still in effect." After a bench trial, Robb was convicted of this offense, and was subject to enhanced penalties because, as charged, this was his second or subsequent offense. See Code § 46.2-357(B)(3). Under established principles, this Court will only disturb Robb's conviction if it is "plainly wrong or without evidence to support it." Jones, 13 Va. App. at 572, 414 S.E.2d at 196.

To obtain a conviction for driving a motor vehicle subsequent to being determined an habitual offender, the Commonwealth is required to prove that the defendant had actual notice he had been declared an habitual offender and that he had been ordered not to drive. Reed v.

Commonwealth, 15 Va. App. 467, 468, 424 S.E.2d 718, 718 (1992). Robb argues that the evidence at trial was insufficient to convict him, claiming that there was no evidence that he had actual notice of his habitual offender status and had been ordered not to drive.

A DMV transcript of Robb's driving history, which the Commonwealth introduced at trial, states that Robb was declared an habitual offender on August 7, 1996. According to that transcript, several driving-related convictions and suspensions followed this adjudication, including a conviction on January 23, 1998 under the same code section under which he was convicted in this case, operating a vehicle after having been declared an habitual offender.

We need not resolve the question whether the evidence showed Robb received notice of the proceeding to declare him an habitual offender in 1996. His subsequent conviction for driving after having been so declared, reflected in the DMV transcript and Robb's own statements to the trooper, demonstrates that Robb had actual notice of his status as an habitual offender and been directed not to drive. Robb was convicted in 1998 in Richmond General District Court of operating a vehicle after initially being declared an habitual offender over one year earlier. The transcript shows that Robb was present at this trial and was represented by counsel. No claim was made at trial or on appeal that the transcript was unreliable or inaccurate. As is evident by the colloquy following Robb's motion to strike at trial, the trial court concluded that Robb was informed by his 1998 conviction, which he received in person and which required a mandatory jail term, that he had previously been declared an habitual offender and directed not to drive.[1]

---

[1] Although Robb was eligible beginning in 1999 to petition to have his driving privileges reinstated, "'the habitual offender status of the person so declared continues until that person successfully petitions the court to have that status removed and his privilege to drive restored.'" Norman v. Commonwealth, 41 Va. App. 628, 635, 587 S.E.2d 742, 745 (2003) (quoting Varga v. Commonwealth, 260 Va. 547, 551, 536 S.E.2d 711, 714 (2000)). No evidence was presented that Robb ever petitioned the court to have his status removed and privileges restored.

Even if the trial court had not relied on the DMV transcript to establish Robb's 1998 conviction in order to conclude that Robb knew he had previously been declared an habitual offender and directed not to drive, Robb's statements provide an alternative basis from which the trial court could reasonably find that Robb knew of this prior conviction. According to the trooper, Robb was asked "if he's ever been . . . convicted of a habitual offender before in court," and Robb stated that he was. He also stated after arrest that he had never had his license reinstated. "The credibility of witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The statements Robb made to the trooper are evidence from which the court, acting rationally, could conclude that 1) because Robb was aware of his prior conviction for driving as an habitual offender, he was aware of his habitual offender status, and 2) because Robb was aware that his license had never been reinstated, he was aware of having been ordered not to drive.[2]

Considering the evidence in the light most favorable to the Commonwealth, there was sufficient evidence presented at trial to permit the trial court to conclude that Robb had actual notice that he had been declared an habitual offender and could not lawfully drive. Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[2] No claim is made in this case that the evidence was insufficient that Robb's driving privileges had indeed been revoked. The facts and claim on appeal in this case are thus distinguishable from the facts and claim on appeal in Rose v. Commonwealth, 265 Va. 430, 578 S.E.2d 758 (2003). In that case, the Supreme Court of Virginia reversed a conviction where, completely apart from the notice question, there was no evidence that the appellant's license was actually suspended – only that he believed it was, and had previously pled guilty to driving as an habitual offender. 265 Va. at 435-46, 578 S.E.2d at 761.

In the instant case, there are numerous indications in the DMV transcript that Robb's license was actually suspended, and was suspended for an "indefinite" period of time. There is no evidence that it had ever been reinstated.