Present: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
         Kinser, JJ., and Poff, Senior Justice

JOHN JAMES VARGA
                                    OPINION BY
v. Record No. 992681      JUSTICE LAWRENCE L. KOONTZ, JR.
                                   November 3, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether the trial court in 1998

properly convicted a defendant of driving after being declared

an habitual offender under Code § 46.2-357(A) (formerly Code

§ 46.1-387.8), relying upon a 1984 order by which the defendant

was declared an habitual offender.

                        BACKGROUND

     By order entered on December 13, 1984, the Circuit Court of

Fairfax County, the trial court, declared John James Varga an

habitual offender pursuant to the provisions of former Code

§ 46.1-387.2.[1]  The order stated, in pertinent part, that "John

Varga, is hereby DECLARED to be a Habitual Offender and [his]

_____

     [1]Subsequent to the entry of this order, Title 46.1 was
superseded by Title 46.2.  Code § 46.2-351, the successor
statute to former Code § 46.1-387.2, was subsequently repealed
effective July 1, 1999; however, the status of persons declared
habitual offenders prior to that date was not affected by the
repeal.  Relevant to the issue raised in this appeal, there is
no material change between the former and current versions of
the statutes we address in this opinion.  Accordingly, we will
refer herein to the current version of these statutes.

privilege to operate a motor vehicle in the Commonwealth of Virginia, BE and is HEREBY REVOKED."

On June 23, 1986, Varga was convicted of driving after having been declared an habitual offender. He was next convicted of driving while intoxicated on June 23, 1988. And then, on August 29, 1994, Varga was again convicted of driving after being adjudicated an habitual offender.

Thereafter, Varga took no steps to have his driving privileges restored, but continued to operate a motor vehicle on the public highways of the Commonwealth. On January 3, 1998, a police officer of the Fairfax County police department, on routine patrol, observed the vehicle operated by Varga drifting across both northbound lanes of travel. The officer arrested Varga for driving while intoxicated.

Subsequently, Varga was indicted for driving after being declared an habitual offender. Approximately four days before trial, Varga moved to quash the indictment, arguing that the 1984 order declaring him an habitual offender was no longer effective because that order had been entered more than ten years previously and it did not state that he would remain an habitual offender until his privilege to drive was restored. Varga contended that Code § 46.2-356, which restricts the issuance of a license to drive motor vehicles to a person previously declared an habitual offender for a period of ten

2

years after being so declared, effectively limits the term of an habitual offender order to a ten year period unless the express terms of the order state otherwise. The trial court denied Varga's motion.

During a subsequent bench trial, Varga renewed his motion to quash and, at the close of the Commonwealth's case, moved to strike the evidence.[2] In support of his motions, Varga essentially repeated his prior arguments. The trial court denied both motions and convicted Varga under Code § 46.2-357(A) of driving after being adjudicated an habitual offender. By order entered on June 8, 1998, the court sentenced Varga to imprisonment for a term of five years.

Varga appealed to the Court of Appeals of Virginia, contending that the trial court erred in denying his motions to quash and to strike the Commonwealth's evidence. The Court of Appeals rejected Varga's contentions and affirmed the conviction in an unpublished memorandum opinion. Varga v. Commonwealth, Record No. 1490-98-4 (October 19, 1998). We awarded Varga this appeal.

---

[2]Varga pleaded guilty to the DWI charge and was sentenced to incarceration for a term of twelve months on that charge.

DISCUSSION

Code § 46.2-357(A) defines the felony of driving after being declared an habitual offender.  In pertinent part, Code § 46.2-357(A) states that "[i]t shall be unlawful for any person to drive any motor vehicle . . . on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect."  Under Code § 46.2-358, any person declared an habitual offender "five years from the date of any final order . . . may petition the court . . . for restoration of his privilege to drive a motor vehicle" at which time the court may "restore to the person the privilege to drive . . . or . . . order that the person be issued a restricted license to drive."  See also Code §§ 46.2-359 to -361 (permitting at any time the restoration of conditional driving privileges of certain persons declared habitual offenders).  In contrast, Code § 46.2-356 states that a person declared an habitual offender shall not be issued a license to drive "for a period of ten years from the date of any [such] final order . . . and . . . until the privilege of the person to drive . . . has been restored by an order of a court entered in a proceeding as provided in this article."  (Emphasis added.)

Varga relies primarily on Davis v. Commonwealth, 12 Va. App. 246, 402 S.E.2d 711 (1991), to support his contention that the 1984 order declaring him an habitual offender was no longer

4

effective. In pertinent part, the order in Davis stated: "The Court doth ADJUDGE, ORDER, and DECREE that said Calvin Windell Davis is such an 'habitual offender' as is set forth in Section 46.1-387.2 of the Code of Virginia, 1950, as amended, and that his driving privilege to operate a motor vehicle in this state is revoked for a period of ten (10) years from the date of this order." 12 Va. App. at 247 n.2, 402 S.E.2d at 712 n.2. The Court of Appeals held that this order "revoked Davis' license and prohibited him from driving for a period of ten years." Id. at 249, 402 S.E.2d at 713. Varga argues that Davis stands for the proposition that only in those cases where the order contains additional language providing that the order remains in force until the habitual offender's privilege to drive has been restored can a person be convicted of driving after having been declared an habitual offender after the ten-year period has expired. This is so, Varga asserts, because the ten-year period in Code § 46.2-356 implicitly restricts the duration of the effectiveness of an habitual offender order which does not contain express language extending the effectiveness of the order until the person's driving privilege is restored or for some specific period of time in excess of ten years.

In response, the Commonwealth asserts that the habitual offender statutes authorize the appropriate courts to revoke indefinitely the driving privilege of an habitual offender and

to restore that privilege at certain times and under certain conditions. The Commonwealth further asserts that the ten-year limitation for the issuance of an operator's license to an habitual offender contained in Code § 46.2-356 does not restrict that authority. We agree with the Commonwealth.

Reading the habitual offender statutes in pari materia, it is clear that once a person is declared an habitual offender by order of a trial court, he retains that status and loses his driving privilege for so long as the order is effective. Thus, unless the trial court specifically limits the duration of the effect of the order, as was the case in Davis, the habitual offender status of the person so declared continues until that person successfully petitions the court to have that status removed and his privilege to drive restored under one of the code sections permitting such petitions. See Manning v. Commonwealth, 22 Va. App. 252, 255-56, 468 S.E.2d 705, 707 (1996).

Code § 46.2-356 does not restrict the effectiveness of a trial court's order declaring a person an habitual offender to a period of ten years. To the contrary, by use of the conjunctive "and," the statute is clear that both the passage of ten years from the entry of the order declaring the person an habitual offender and the restoration of the privilege to drive by the trial court are prerequisites to the issuance of a new,

6

unrestricted license by the Commissioner of the Department of Motor Vehicles.  While a person declared an habitual offender may successfully petition to have his privilege to drive restored and obtain a license to drive after this ten-year period, or sooner under the specific circumstances contemplated by Code §§ 46.2-358 to -361, the mere passage of the period of time required before seeking to have that privilege restored does not act to vitiate the effectiveness of the order which revoked that privilege initially.  Thus, we hold that, in the absence of express language limiting the duration of the effect of the order declaring a person an habitual offender, the order remains in force until that person actually has his privilege to drive restored.  In the present case, Varga had not had his privilege to drive restored and, thus, the 1984 order remained in effect.  Accordingly, the Court of Appeals correctly held that Varga was properly convicted for driving after having been declared an habitual offender when he drove his motor vehicle in 1998.

Our holding today ensures that the policies of the habitual offender statutes can be effectuated by the orders issued by Virginia courts.  We have explained the purposes behind the habitual offender statutes as follows:

> Virginia's Habitual Offender Act declared it to be the policy of the state to provide maximum safety for all persons using the highways; to deny the

7

privilege of operating motor vehicles to persons who by their record have demonstrated their indifference to the safety of others and their disrespect for the laws of the state and the orders of its courts; to discourage repetition of criminal acts by individuals; and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws.

Whorley v. Commonwealth, 215 Va. 740, 745-46, 214 S.E.2d 447, 451 (1975).

## CONCLUSION

For these reasons, we will affirm the judgment of the Court of Appeals.

Affirmed.