*631 JEAN HARRISON CLEMENTS, Judge.
George Halcott Norman, III, was convicted in a bench trial of driving as an habitual offender, second or subsequent offense, in violation of Code § 46.2-357.[1] On appeal, he contends the trial court erred in determining he was an habitual offender because his driving privilege had been fully restored prior to his arrest on the charge. On May 6, 2003, a divided panel of this Court affirmed Norman’s conviction, holding that the evidence was sufficient to establish Norman’s status as an habitual offender because it demonstrated his driving privilege had only been conditionally, rather than fully, restored prior to the offense. Norman v. Commonwealth, 40 Va.App. 496, 579 S.E.2d 699 (2003). On June 17, 2003, we granted Norman’s petition for a rehearing en banc, stayed the mandate of the panel decision, and reinstated the appeal. Upon rehearing en banc, we reverse the conviction and dismiss the indictment.
I. BACKGROUND
On August 14, 2001, Deputy Sheriff H.L. Gatewood, of the Pittsylvania County Sheriffs Office, spotted Norman’s car travelling east on Route 57. Having received a notice from dispatch to be on the lookout for that car, Gatewood stopped the car. When he approached the car, Gatewood asked Norman for identification, but Norman was unable to produce his driver’s license. Norman told Gatewood he had “a license at home and it was a piece of paper issued by the Court.” Gatewood observed that Norman, who was the sole occupant of the car, had a gun in the car. He further observed that Norman was “severely intoxicated.” Gatewood arrested Norman for drunk driving and brandishing a firearm.
Deputy Gatewood checked Norman’s social security number through his dispatcher and was told that Norman’s driver’s license was either “suspended or revoked.” He then proceed *632 ed to Norman’s home to obtain Norman’s license. Norman’s girlfriend gave Gatewood a “green sheet of paper” stating that Norman’s privilege to drive was restricted pursuant to a May 4, 2001 court order.
When he arrived at the police station, Deputy Gatewood ran Norman’s criminal history and learned that he was a convicted felon. He also ran Norman’s driver’s license and found that he was indeed driving on a restricted license. Norman was then additionally charged with driving as an habitual offender, second or subsequent offense, and possessing a firearm as a convicted felon.
At trial, the Commonwealth and Norman introduced several documents pertaining to the habitual offender charge, which can be summarized as follows:
1. An October 13, 1989 order from the Circuit Court of Pittsylvania County, entering judgment on Norman’s guilty plea of operating a motor vehicle after having been declared an habitual offender. The order directed that Norman be sentenced on the conviction to two years in prison, but suspended one year of the sentence on the conditions of good behavior and supervised probation.
2. A December 20, 1999 order from the Circuit Court of Pittsylvania County on Norman’s petition “for restoration of his privilege to operate a motor vehicle in Virginia,” which had been suspended since April 12, 1984. In pertinent part, the order directed as follows:
Accordingly, the prayer of the petition should be granted, subject to the conditions set forth below ..., it is ORDERED that pursuant to § 46.2-360 of the Virginia Code Annotated the privileges to operate a motor vehicle in the Commonwealth of Virginia should be restored and they are hereby restored to George Halcott Norman, III.
It is further ORDERED that this is not a license or privilege to drive in itself; that the petitioner shall present himself and this Order to the Department of Motor Vehicles for such administrative proceedings and payment of fees and costs as may be required, and further, that the petition *633 er is referred to Dan River ASAP for monitoring and supervision for twelve (12) months from the date of this Order; that the petitioner shall not possess or use alcohol, alcoholic beverages or drugs (other than bonafide prescription drugs); that should the petitioner incur any alcohol or drug related offense during the period of supervision as set forth herein, the Court may in its discretion issue process to the petitioner to show cause why his privilege to drive should not be suspended permanently.
The object of this proceeding having been accomplished, it is ORDERED that the same be, and it is hereby, removed from the docket and place[d] among the ended of cases.
3. An order dated May 4, 2001, from the Circuit Court of Pittsylvania County finding that Norman “violated the terms of the Court’s Order of December 20, 1999,” and granting Norman a restricted license to drive to work and to medical providers on the condition that he be monitored by Dan River ASAP for twelve months. The order directed that “should [Norman] have any violations of law during the period of supervision,” his license would be revoked.
4. An order dated May 7, 2001, signed by Norman and issued by the Department of Motor Vehicles, stating that Norman, having “been adjudicated/determined to be an habitual offender,” sought “a restricted license after having been declared an habitual offender or having had [his] license revoked pursuant to Virginia Code § 46.2-391(B) three years or more prior to this date,” and giving Norman a one-year restricted license, pursuant to the May 4, 2001 court order, authorizing him to drive to and from work, to and from the Dan River ASAP office, and when medically necessary.
Norman argued at trial that, despite the May 4, 2001 order restricting his privilege to drive, the December 20, 1999 order had fully restored his privilege to drive and, thus, he could no longer be considered an habitual offender for the purpose of the charge at issue. The Commonwealth responded that the December 20, 1999 order did not fully restore Norman’s privilege to drive, but only restored it on a conditional basis. *634 The Commonwealth further contended that the conditional restoration was revoked by the circuit court when Norman violated the terms of the December 20, 1999 order and was issued a restricted license on May 7, 2001.
The trial court agreed with the Commonwealth, finding that, by signing the Department of Motor Vehicles order of May 7, 2001, Norman acknowledged that his status as an habitual offender remained in effect, despite the purported restoration of his driving privilege in the December 20, 1999 order. The court then found him guilty of the habitual offender charge and sentenced him to serve two years in prison on that conviction.
II. ANALYSIS
The dispositive issue in this case is whether the trial court was correct in determining that the December 20, 1999 order purportedly restoring Norman’s privilege to drive did not terminate Norman’s status as an habitual offender. If so, the evidence presented by the Commonwealth was sufficient as a matter of law to support Norman’s conviction for driving as an habitual offender, second or subsequent offense, in violation of Code § 46.2-357. If, however, that order terminated Norman’s status as an habitual offender, the evidence was insufficient as a matter of law to show that Norman was an habitual offender at the time of the charged offense.
Norman contends, as he did below, that the circuit court fully restored his driving privilege in its December 20, 1999 order. Therefore, he concludes, he was no longer an habitual offender at the time of the offense at issue and the trial court erred in finding the evidence sufficient to convict him for operating a motor vehicle after having been declared an habitual offender.
The Commonwealth contends that, because the December 20, 1999 order provided for the conditional, rather than full, restoration of Norman’s driving privilege, that order did not terminate Norman’s status as an habitual offender. The Commonwealth argues that, as the trial court found, Norman’s *635 signature on the May 7, 2001 order proves that Norman knew his status as an habitual offender remained in effect after entry of the December 20, 1999 order. Hence, the Commonwealth concludes, the evidence established that Norman was an habitual offender at the time of the charged offense and was thus sufficient to sustain his conviction.
When the sufficiency of the evidence is challenged on appeal, we review the evidence “in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.” Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va.App. 241, 243, 337 S.E.2d 897, 898 (1985).
Code § 46.2-357(A) provides, in pertinent part, that “[i]t shall be unlawful for any person determined or adjudicated an habitual offender to drive any motor vehicle ... on the highways of the Commonwealth while the revocation of the person’s driving privilege remains in effect.” Therefore, to sustain Norman’s “conviction for driving a motor vehicle in violation of that statute,” the Commonwealth had to prove that, at the time of the alleged offense, Norman was determined or adjudicated an habitual offender and his privilege to drive was revoked. Rose v. Commonwealth, 265 Va. 430, 434, 578 S.E.2d 758, 760 (2003).
It is well settled that,
once a person is declared an habitual offender by order of a trial court, he retains that status and loses his driving privilege for so long as the order is effective. Thus, ... the habitual offender status of the person so declared continues until that person successfully petitions the court to have that status removed and his privilege to drive restored under one of the code sections permitting such petitions.
Varga v. Commonwealth, 260 Va. 547, 551, 536 S.E.2d 711, 714 (2000).
*636 Code § 46.2-360(1) allows a court to remove an individual’s status as an habitual offender and to restore his or her privilege to drive. That statute permits any person declared an habitual offender to petition the court for restoration of his or her driving privilege. It further provides that,
[o]n such petition, and for good cause shown, the court may, in its discretion, restore to the person the privilege to drive a motor vehicle in the Commonwealth on whatever conditions the court may prescribe, ... if the court is satisfied from the evidence presented that: (i) at the time of the previous convictions, the petitioner was addicted to or psychologically dependent on the use of alcohol or other drugs; (ii) at the time of the hearing on the petition, he is no longer addicted to or psychologically dependent on the use of alcohol or such other drug; and (iii) the person does not constitute a threat to the safety and welfare of himself or others with regard to the driving of a motor vehicle____The court may, in lieu of restoring the person’s privilege to drive, authorize the issuance of a restricted license for a period not to exceed five years.... Any violations of the restrictions shall be reported to the court, and the court may then modify the restrictions or revoke the license.
Code § 46.2-360(1) (emphases added).
Thus, in responding to an habitual offender’s petition for restoration of his or her privilege to drive, the court may take one of three actions under Code § 46.2-360(l):(l) deny the petition; (2) restore the person’s privilege to drive, with or without conditions enforceable by the court; or (3) authorize the issuance of a restricted license. The statute draws no distinction between a “full restoration” and a “conditional restoration.” Hence, an individual’s privilege to drive is either restored or not restored under Code § 46.2-360(1).
Here, as reflected in the circuit court’s December 20, 1999 order, Norman petitioned the court “for restoration of his privilege to operate a motor vehicle in Virginia.” Finding Norman’s petition to restore his privilege to drive “should be granted, subject to the conditions set forth” in the order, the circuit court ordered that, “pursuant to [Code] § 46.2-360[,] *637 ... the privileges to operate a motor vehicle in the Commonwealth of Virginia should be restored and they are hereby restored to” Norman. The circuit court further ordered that Norman (1) report to the Department of Motor Vehicles before driving “for such administrative proceedings and payments] ... as may be required,” (2) be monitored and supervised by “Dan River ASAP” for one year, and (3) “not possess or use alcohol ... or drugs.” The court also stated in its order that, should Norman “incur any alcohol or drug related offense during the period of supervision as set forth herein, the Court may in its discretion issue process to the petitioner to show cause why his privilege to drive should not be suspended permanently.”[2]
Citing Travis v. Commonwealth, 20 Va.App. 410, 415, 457 S.E.2d 420, 422 (1995), Norman correctly acknowledges in his appellate brief that one who has been granted only a restricted license retains his habitual offender status.[3] It is undisputed in this case, however, that the circuit court did not grant Norman a restricted license in its December 20, 1999 order, but rather a “restoration” of his privilege to drive.[4] Accordingly, we conclude that, in entering the December 20, 1999 order, the circuit court restored Norman’s privilege to drive. Based on that order, the Department of Motor Vehicles was authorized to issue Norman a full, unrestricted operator’s license. The fact that the court prescribed certain conditions in restoring Norman’s privilege to drive and, thus, retained authority to enforce those conditions,[5] does not alter *638 the conclusion that Norman’s privilege to drive was restored. Indeed, given that the court cannot logically suspend what does not exist, the circuit court’s admonition that it might suspend Norman’s “privilege to drive” permanently if he failed to comply with the court’s conditions only buttresses the conclusion that the court intended to restore Norman’s driving privilege on December 20, 1999.
We further conclude that the trial court’s reliance in its resolution of this case on Norman’s signature on the Department of Motor Vehicles order of May 7, 2001, as proof that Norman acknowledged that his status as an habitual offender remained in effect, is misplaced. Norman’s mistaken belief that he was an habitual offender on May 7, 2001, is not dispositive of the issue of whether the circuit court’s December 20, 1999 order terminated his status as an habitual offender, the resolution of which is a matter of law. Cf. Rose, 265 Va. at 435-36, 578 S.E.2d at 761 (holding that, in light of the “incomplete” order that failed to direct defendant not to drive on the Commonwealth’s highways, as required by statute, proof of defendant’s awareness that he was an habitual offender and of his mistaken belief that his privilege to drive had been revoked was not sufficient to prove that the revocation of defendant’s privilege to drive remained in effect at the time of the alleged offense).
We hold, therefore, that the circuit court’s order of December 20, 1999 terminated Norman’s status as an habitual offender on that date. See Varga, 260 Va. at 552, 536 S.E.2d at 714 (holding that one’s habitual offender status “remains in force until that person actually has his privilege to drive *639 restored”). We also hold that, because the record contains no evidence that a court declared Norman an habitual offender subsequent to that date,, the Commonwealth failed to show that Norman was an habitual offender when he drove on August 14, 2001, and the trial court erred in finding the evidence sufficient to sustain his conviction for driving as an habitual offender, second or subsequent offense.
Accordingly, we reverse Norman’s conviction and dismiss the indictment.

Reversed and dismissed.

. Norman was also convicted of driving under the influence of alcohol, second offense within five years, possessing a firearm as a convicted felon, and brandishing a firearm. Norman pled guilty to these charges and does not raise any issues as to these convictions on appeal.

. Since the issue is not before us, we need not consider here the authority of the trial court to “permanently” suspend the privilege to drive.

. Indeed, on a petition for restoration of driving privileges under Code § 46.2-360(1), a trial judge wishing to maintain the petitioner’s habitual offender status, without denying the petition outright, may authorize the issuance of a restricted license.

. The Commonwealth concedes as much in its appellate brief.

. Plainly, a court has the power to impose an appropriate remedy for a violation of a condition placed by the court on a restored privilege to *638 drive under Code § 46.2-360(1). See, e.g., Branch v. Branch, 144 Va. 244, 251, 132 S.E. 303, 305 (1926) ("Courts are invested with the power and charged with the duty of enforcing their [orders].”); Ange v. York/Poquoson Dep’t of Soc. Servs., 37 Va.App. 615, 624, 560 S.E.2d 474, 478 (2002) (“A court’s ability to punish a litigant for noncompliance with its orders is ‘essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees.' ” (quoting Steinberg v. Steinberg, 21 Va.App. 42, 46, 461 S.E.2d 421, 423 (1995))).