**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4393**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWIN ARIAS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.   (3:05-cr-00435-JRS)

Submitted:  November 27, 2006        Decided:  January 12, 2007

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Sapna Mirchandani, Research and Writing Attorney, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Sara E. Flannery, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, Edwin Arias was convicted of operating a motor vehicle while under the influence of alcohol (third offense in five years) (Count One), and operating a motor vehicle after his license was suspended for driving while under the influence of alcohol (Count Two). 18 U.S.C. § 13 (2000), assimilating Va. Code Ann. §§ 18.2-266, 18.2-270, and 18.2-272 (2005). Arias was sentenced to five months' imprisonment and one year supervised release on each count, to run concurrently. Arias challenges the denial of his motion to suppress and his convictions.

Evidence adduced at trial established that on September 4, 2005, at approximately 12:30 a.m., Fort Lee Police Officer Michael Griffith observed Arias' car stopped at a green light. Griffith noticed that the front right turn signal was blinking and hanging under the car approximately four to six inches from the pavement. Concerned Arias might be unaware that his vehicle had sustained damage, Griffith stopped the vehicle, and asked Arias to exit the vehicle to inspect the damage. Griffith noticed Arias appeared unsteady on his feet. Shortly thereafter, Sgt. William Smoot arrived on the scene, at which time Griffith took Arias' license, a Virginia driver's license with a large red "R" on it,

and returned to his vehicle to process it.  The check of the license elicited that it was restricted.[1]

Having detected a strong smell of alcohol emanating from the vehicle, Smoot conducted two field sobriety tests, both of which Arias failed.  Arias was taken into custody and transported to the military police station where he consented to blood alcohol analysis.  Griffith administered the blood alcohol test, which revealed that Arias' blood alcohol content was .24.  Subsequent to releasing Arias, Griffith investigated Arias' driving record and learned that he was twice convicted of driving under the influence, and that his license was suspended for three years in August 2003.

Prior to trial, Arias moved to suppress all evidence obtained during and subsequent to the traffic stop, claiming that the stop was not supported by probable cause or reasonable suspicion.  Emphasizing Griffith's observation that Arias remained stopped at a green light and that, in Griffith's mind, the right turn signal was defective, the court concluded that Griffith's decision to stop Arias was reasonable and rational and denied the motion.  Following a bench trial at which the Government presented

---

[1]The restrictions on Arias' license permitted him to drive to and from medical appointments, work, and Virginia Alcohol Safety Action Program meetings.

the testimony of Griffith and Smoot, the district court found Arias guilty on Counts One and Two.[2]

Arias raises three issues on appeal. Arias first maintains that the district court erred in denying his motion to suppress. This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); Terry v. Ohio, 392 U.S. 1, 30 (1968). Any seizure of a person, including an ordinary traffic stop, must be supported by specific and articulable facts leading to probable cause or reasonable suspicion. United States v. Hassan El, 5 F.3d 726, 729 (4th Cir. 1993).

Arias argues that because he had not actually violated Virginia law, Griffith did not have probable cause or reasonable suspicion to stop his vehicle; thus, Arias contends, the district court should have granted the motion to suppress. However, if an officer makes a traffic stop based on a mistake of fact, the only question is whether his mistake of fact was reasonable. See United

---

[2]Although Arias was originally charged in a five-count indictment, the Government moved to dismiss Count Four, and the district court found Arias not guilty on Counts Three and Five.

States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003) (concluding that "an officer's reasonable mistake of fact may provide the objective grounds for reasonable suspicion or probable cause required to justify a traffic stop, but an officer's mistake of law may not"); United States v. Cashman, 216 F.3d 582, 587 (7th Cir. 2000) (holding that propriety of traffic stop does not depend on whether defendant is guilty of committing traffic offense but rather whether it was reasonable for officer to believe that a traffic offense had been committed). Even if Griffith was mistaken in his belief that the damage to Arias' car amounted to a violation of Virginia law, this was a reasonable mistake of fact. A review of Griffith's testimony supports the district court's decision that it was reasonable for Griffith to believe that a traffic violation had been committed and therefore the stop was objectively reasonable. Thus, we find the district court properly denied the motion to suppress.

Arias next argues the Government presented insufficient evidence to support the conviction on Count One, and thus the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal on that count. This court reviews the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view

- 5 -

most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotations and citation omitted). This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). This court "may not weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

Arias' challenge to the sufficiency of the Government's evidence relevant to Count One fails. Count One charged Arias with driving under the influence of alcohol, third offense in five years. The Government presented more than sufficient evidence to establish that Arias was driving under the influence of alcohol, including Griffith's testimony regarding Arias' "strange" driving and that he was unsteady on his feet, and Smoot's testimony that Arias failed two field sobriety tests. Thus, contrary to Arias' assertion, the court did not rely exclusively on the fact that Arias' blood alcohol content was .24. The Government also presented unrefuted evidence to establish Arias' prior convictions for driving under the influence of alcohol.

Lastly, Arias asserts that the Government's evidence relevant to Count Two constructively amended the indictment, resulting in a fatal variance.  A defendant may only be tried on charges alleged in an indictment, and "only the grand jury may broaden or alter the charges in the indictment."  United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (citing Stirone v. United States, 361 U.S. 212, 215-16 (1960)).  A constructive amendment to an indictment occurs when either the government or the court broadens the possible bases for conviction beyond those charged by the grand jury.  United States v. Bolden, 325 F.3d 471, 493 (4th Cir. 2003).

Arias' argument on this issue is essentially one of statutory construction.  Count Two assimilated Va. Code Ann. § 18.2-272, which provides as follows:

> Any person who drives or operates any motor vehicle . . . in the Commonwealth during the time for which he was deprived of the right to do so (I) upon conviction of a violation of § 18.2-268.3 or of an offense set forth in subsection E of § 18.2-270, (ii) by § 18.2-271 or 46.2-391.2, (iii) after his license has been revoked pursuant to § 46.2-389 or 46.2-391, or (iv) in violation of the terms of a restricted license issued pursuant to subsection E of § 18.2-271.1, is guilty of a Class 1 misdemeanor except as otherwise provided in § 46.2-391, and is subject to administrative revocation of his driver's license pursuant to §§ 46.2-389 and 46.2-391.

Va. Code Ann. § 18.2-272(A) (2005).  Arias argues the indictment charged him with violating subsection (ii) because it charged him with driving after having his driver's license suspended.  Arias contends that, because Griffith's testimony established that Arias

was driving while under the influence of alcohol in violation of the terms of his <u>restricted</u> license, in violation of subsection (iv), the Government's evidence constructively amended the indictment.

We conclude that Arias' argument lacks merit. Under Virginia law, an individual whose driving privileges are suspended or revoked may petition the convicting court for the issuance of a restricted license. Va. Code Ann. § 18.2-271.1 (2005). If the convicting court grants the petition, the Department of Motor Vehicles must issue the restricted license. Va. Code Ann. § 18.2-271.1(C) (2005). However, "the license revocation . . . remains in effect" despite the issuance of the restricted license. <u>Salama v. Commonwealth</u>, 45 Va. Cir. 446, 1998 WL 972196, *3 (Va. Cir. Ct. 1998). The Supreme Court of Virginia has explained that "[b]y authorizing a circuit court to restore the privilege on whatever conditions the court may prescribe, the General Assembly did not intend for a restoration of driving privileges subject to court-imposed conditions to have the same legal effect as a restoration without any conditions." <u>Commonwealth v. Norman</u>, 604 S.E.2d 82, 86 (Va. 2004). Thus, Arias' contention that because he had received a restricted license, his license was no longer suspended, lacks merit. As the district court noted, "even though the license is restricted, he is suspended with the restrictions." J.A. 112. The Government's evidence that Arias had a restricted license does not

amount to a fatal variance from the offense charged in the indictment.

For the foregoing reasons, we affirm Arias' convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED