COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judges Decker and O'Brien
Argued at Alexandria, Virginia


DALE SMITH, A/K/A
  DALE C. SMITH, JR.

v.      Record No. 0610-15-4

COMMONWEALTH OF VIRGINIA                          MEMORANDUM OPINION[*] BY
                                                 JUDGE MARY GRACE O'BRIEN
DALE SMITH, A/K/A                                    NOVEMBER 15, 2016
  DALE C. SMITH, JR.

v.      Record No. 1097-15-4

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                         Victoria A.B. Willis, Judge

        Amr A. Ahmed, Assistant Public Defender, for appellant.

        Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
        Attorney General, on brief), for appellee.


        Dale Smith ("appellant") pled guilty to violating probation, and the court imposed a

previously suspended period of incarceration.  Appellant filed a notice of appeal to this Court.

Shortly thereafter, defense counsel filed motions to withdraw as counsel and to allow appellant to

withdraw his guilty plea.  The court held that it was divested of jurisdiction to hear the motions

because appellant filed his notice of appeal before filing the motions.  Appellant asserts the

following assignment of error: "[t]he trial court erred when it found that it lacked jurisdiction to

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

suspend the imposition of sentence, grant a motion to withdraw as counsel, or hear a motion to withdraw a guilty plea."

## BACKGROUND

In June 2014, appellant was sentenced to serve five years of incarceration, with four years and six months suspended, for the crime of grand larceny. The court ordered appellant to comply with five years of supervised probation upon his release.

Following appellant's release, he was charged with new offenses. Appellant pled guilty to violating his probation, and in an order dated April 13, 2015, the court imposed the previously suspended sentence. On April 16, 2015, appellant filed a notice of appeal.

Appellant's attorney filed a motion to withdraw as counsel on April 17, 2015 because he anticipated that appellant would raise an ineffective assistance of counsel claim in his appeal. Counsel also noted that appellant had advised him that he wished to withdraw his plea of guilty to the probation violation. Because appellant was being held in another jurisdiction and it was difficult to have him transported for a hearing, on May 4, 2015, the court granted defense counsel's motion to suspend the execution of the sentencing order, thereby tolling the 21-day provision of Rule 1:1. The court set a hearing date for appellant's motion to withdraw his guilty plea and counsel's motion to withdraw from representing appellant.

On June 9, 2015, the court held *sua sponte* that it lost jurisdiction to hear the motions to withdraw the guilty plea and withdraw as counsel when appellant noted his appeal on April 16. Therefore, the court ruled that the May 4 order suspending the execution of the sentencing order was improvidently entered and void. Appellant appeals this ruling.

## ANALYSIS

"In its review, [the appellate court] . . . give[s] deference to the trial court's findings of fact, but review[s] the trial court's 'statutory interpretations and legal conclusions *de novo*.'" Brown v.

Commonwealth, 57 Va. App. 381, 390, 702 S.E.2d 582, 586 (2010) (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)). Accordingly, whether the trial court had jurisdiction to consider the motions is a question of law we review *de novo*.

Initially, the Commonwealth argues that Rule 5A:18 precludes consideration of appellant's argument that the court erred in concluding that it lacked jurisdiction. Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

At the June 9 hearing, when the court ruled that it did not have jurisdiction to hear appellant's motion to withdraw his guilty plea, defense counsel stated:

> Judge, I'd just note our objection for the record because there is a new motion to withdraw the guilty plea that our office can't effectively represent him on, and it needs to be done within twenty-one days of the order being signed.
> So the Court's order is effectively going to be denying him the opportunity to request a motion to withdraw his guilty plea as allowed by statute.

Additionally, the final order holding that the court did not have jurisdiction contains the words: "[t]he [c]ourt notes the objection of counsel for the defendant." The Commonwealth contends that defense counsel did not assert with specificity that the court was not divested of jurisdiction by the filing of a notice of appeal. See Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004) ("The same argument must have been raised, with specificity, at trial before it can be considered on appeal.").

We decline to dismiss the petition for appeal on the basis of a violation of Rule 5A:18. The court made a narrow ruling that it no longer had jurisdiction to hear the motions because appellant had filed a notice of appeal. Counsel objected to that ruling on the grounds that it would preclude

him from presenting his motions. The court was therefore on notice of defense counsel's objection to the ruling concerning jurisdiction.

Code § 19.2-296 provides that

> [a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The statute reflects Rule 1:1, which states:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.

Despite the provisions of Code § 19.2-296 and Rule 1:1, the court held that it was automatically divested of jurisdiction to hear appellant's motion to withdraw his guilty plea because a notice of appeal had been filed, even though the motion was filed on April 28, 2015, within twenty-one days of the April 13, 2015 conviction and sentencing order.

We disagree. This case is controlled by the recent Supreme Court case of <u>Velazquez v. Commonwealth</u>, __ Va.__, __ S.E.2d __ (Oct. 27, 2016). In <u>Velazquez</u>, the defendant pled guilty to a felony charge on October 30, 2014. The defendant then sent a handwritten letter to the court on November 4, attempting to appeal his conviction.

On November 17, the court entered a sentencing order, and based on the defendant's letter, appointed new counsel on November 18 to represent the defendant on appeal. <u>Id.</u> at __, __ S.E.2d at __. On November 25, the new attorney filed both a notice of appeal and a motion to withdraw the guilty plea pursuant to Code § 19.2-296. At a hearing on December 5, the trial court determined that it "no longer ha[d] jurisdiction over the matter," despite the fact that the motion to withdraw the

- 4 -

guilty plea was filed within twenty-one days of the sentencing order. <u>Id.</u> at __, __ S.E.2d at __.

According to the trial court, it lost jurisdiction when the defendant filed his notice of appeal.

Relying on the "plain language" of Code § 19.2-296, the Supreme Court held that "[f]iling

the notice of appeal did not divest the trial court of jurisdiction." <u>Id.</u> at __, __ S.E.2d at __. Because

the motion to withdraw the guilty plea was filed within the 21-day time period, the court retained

jurisdiction, regardless of the fact that the defendant had filed a notice of appeal.

"[T]he relevant question is not when the Court of Appeals *obtained* jurisdiction, but whether

the trial court *lost* jurisdiction over [the defendant's] motion to withdraw his plea." <u>Id.</u> at __, __

S.E.2d at __ (emphasis added). The Court noted that "[t]he fact that an appellate court has obtained

jurisdiction over an appeal does not necessarily divest a trial court of all jurisdiction to act upon

certain matters." <u>Id.</u> at __, __ S.E.2d at __. <u>See also</u> <u>Granado v. Commonwealth</u>, __ Va. __, __,

790 S.E.2d 233, 237 (2016) (holding that a court may make corrections to the written statement of

facts of a case on appeal at any time while the statement of facts remains in the clerk's office); Code

§ 8.01-676.1 (a trial court maintains jurisdiction to suspend execution of a judgment or to modify

the terms of security for an appeal). In <u>Velazquez</u>, the Supreme Court held that the trial court

retained jurisdiction for twenty-one days after entry of its final order to consider a motion to

withdraw a guilty plea under the plain language of Code § 19.2-296, even though the defendant had

filed a notice of appeal. __ Va. at __, __ S.E.2d at __.

Likewise, in the case before us, appellant filed a motion to withdraw his guilty plea and

defense counsel filed a motion to withdraw as counsel after filing the notice of appeal, but within

twenty-one days from the date of the sentencing order.[1] Therefore, the trial court erred in finding

---

[1] Although the motion was not heard until June 9, 2015, the court suspended the execution of the sentencing order on May 4, 2015, within twenty-one days of the April 13, 2015 sentencing order.

that it did not have jurisdiction to consider the motions to withdraw the guilty plea and to withdraw as counsel and we remand for a hearing on appellant's motions.

<u>Reversed and remanded.</u>